UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA


| | | |
|---|---|---|
| HAROLD SORENSEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 2:09-cv-941-WC |
| v. | ) | |
| | ) | |
| C. SHERWOOD, E. RAVENAL, | ) | |
| and JOHN DOES 1-4, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |


## UNITED STATES' MOTION TO DISMISS COMPLAINT AND SUPPORTING MEMORANDUM

The United States, the real defendant in interest, through undersigned counsel,

and on behalf of defendants C. Sherwood and E. Ravenal, moves this Court to dismiss

this action filed by plaintiff Harold Sorensen pursuant to Rules 12(b)(1) and 12(b)(6) of

the Federal Rules of Civil Procedure for (a) lack of subject matter jurisdiction, and (b)

failure to state a claim upon which relief may be granted. The complaint is subject to

dismissal under Rule 12(b)(1) both because this suit is in substance one against the

United States, and the United States has not waived sovereign immunity here, and

because the declaratory and injunctive relief plaintiff seeks is specifically barred by

statute. The complaint is subject to dismissal under Rule 12(b)(6) because it fails to

allege any facts demonstrating a right to relief under any provisions of the Internal

Revenue Code, the United States Constitution, or any other law. Alternatively, this

matter should be dismissed for improper service under Fed. R. Civ. P. 12(b)(4) and (5),

because plaintiff has failed to effect service of process on the United States as required by

Fed. R. Civ. P. 4.  In support of this motion, the defendant submits the following

memorandum.

## MEMORANDUM

## STATEMENT OF FACTS

On January 31, 2005, a Notice of Federal Tax Lien ("Notice") with respect to

income tax liabilities owed by plaintiff for the 1998, 1999, 2000, and 2001 tax years, was

recorded in the Probate Office of Crenshaw County, Alabama.  *See* Complaint, Ex. 1

(Notice of Federal Tax Lien).  The Notice was signed by "C Sherwood for E Ravenal."

*Id*.  According to the face of the Notice, its filing was authorized under sections 6321,

6322, and 6323 of the Internal Revenue Code (26 U.S.C. §§ 6321, 6322, and 6323).  *Id*.

On June 3, 2008, plaintiff Harold Sorensen filed a complaint in the Circuit Court

of Crenshaw County, Alabama, naming as defendants Internal Revenue Service

("Service") employees C. Sherwood, E. Ravenal, and John Does 1-4.  *Sorensen v.

Sherwood, et al.*, Case No. CV 2008 000027.00 (Cir. Ct., Crenshaw Cty., Ala.).  The

complaint alleges that these individual defendants' act of causing a Notice of Federal Tax

Lien to be filed in Crenshaw County, Alabama, was unconstitutional.  The United States

removed the case to this Court.

In his complaint, plaintiff seeks only declaratory and injunctive relief.  *See

generally*, Complaint.  In particular, plaintiff seeks a declaration that (1) the Notice "is

not a record, judgment or public act of any other State, under Article IV, Sections 1 and

4"; (2) the Notice "is not a judgment by any competent tribunal under Article III, Section

2, Clause 3"; (3) the Notice "is placed against Plaintiff's property in violation of Article

VII, Amendment V"; (4) the defendants "had no official capacity" to record the lien; and

(5) that the Notice is "invalid, illegal, and unconstitutional." Complaint ¶¶ 29-32,

Conclusion. Plaintiff also seeks injunctive relief in the form of an order "with direction

to have the County Recorder remove said notice of federal tax lien from the record ab

initio." Complaint, Conclusion. Plaintiff does not seek damages.

## ARGUMENT

**I.** **SOVEREIGN IMMUNITY BARS THIS ACTION**

**A.** **THE CLAIMS HERE ARE IN SUBSTANCE AGAINST THE UNITED STATES AND THE BAR OF SOVEREIGN IMMUNITY APPLIES**

Plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.

Fed. R. Civ. P. 8(a)(1); *see Renne v. Geary*, 501 U.S. 312, 316 (1991); *Sweet Pea Marine,*

*Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). Plaintiff is unable to

make that showing because this suit is in substance one against the United States, and the

United States has not waived sovereign immunity here. Accordingly, the action should

be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

It is well settled that the United States, as sovereign, may not be sued without its

consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Raulerson v. United States*,

786 F.2d 1090, 1091 (11th Cir. 1986). A waiver of sovereign immunity may not be

implied but must be unequivocally expressed by federal statute, and the terms of that

waiver define the court's jurisdiction. *United States v. Marshall*, 445 U.S. 535, 538

(1980); *United States v. Testan*, 424 U.S. 392, 399; *Raulerson*, 786 F.2d at 1091.

Naming federal employees as defendants does not avoid the jurisdictional bar of

sovereign immunity, because immunity extends to agents and officers of the United

States to the extent that the complained-of acts were undertaken in an official capacity.

*Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Spalding v. Vilas*, 161 U.S. 483, 498-99

(1986); *Florida v. United States Dep't of the Interior*, 768 F.2d 1248, 1251-52 (11th Cir.

1985). The applicability of the defense of sovereign immunity does not depend upon the

identity of the defendants, but rather is determined by the nature of the relief sought:

> The general rule is that a suit is against the sovereign if the
> judgment sought would expend itself on the public treasury or
> domain, or interfere with the public administration, or if the effect
> of the judgment would be to restrain the Government from acting,
> or to compel it to act.

*Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal punctuation and citations omitted);

*see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985).

The complaint's only explicit demand for relief seeks a declaration that the Notice

was invalid and an injunction requiring removal of the Notice from the Crenshaw County

records. Complaint, ¶¶ 29-32, Conclusion. This declaratory and injunctive relief would

"interfere with the public administration" of federal tax law, *Dugan*, 372 U.S. at 620, and

plaintiff's suit is in substance against the United States.[1]

---

[1] Plaintiff does not explicitly seek any monetary damages in his complaint. Even
if he did, such claims would be against the United States, and not against the individual
named defendants, because federal law directs that any suit for damages arising from
efforts to collect federal taxes be brought against the United States, and not against
individual Service employees. *See*, *e.g.*, 26 U.S.C. §§ 7432, 7433; *Eckwortzel v.
Crossman*, 561 F. Supp. 1144, 1150 (D. Idaho 2008); *Kersting v. United States*, 818, F.
Supp. 297, 302 (D. Hawaii 1992); *Mohler v. United States*, 1995 WL 724557 (D. Ore.
1995). Nor could plaintiff assert claims against the individual employees under the
Federal Tort Claims Act, because that Act specifically bars recovery for common-law tort
damages arising from efforts to collect federal taxes. *See* 28 U.S.C. § 2680(c). Finally,
courts have generally refused to allow constitutional tort actions arising from federal tax
collection in light of the broad remedial provisions of the Internal Revenue Code. *E.g.*,
*Al-Sharif v. United States*, 296 Fed. Appx. 740, 742 (11th Cir. 2008) (unreported) ("the
availability of adequate statutory avenues for relief forecloses a *Bivens* action against
individual IRS agents for alleged constitutional violations with respect to the collection
and assessment of taxes").

That the complaint seeks a declaration that the individual named employees "had no official capacity" to record the Notice "and did so in [their] individual capacity" does not render this suit one against the employees and not against the United States as sovereign.  Plaintiff's complaint is not that the individual named employees in any way exceeded their statutory authority to cause the Notice to be filed under 26 U.S.C. §§ 6321, 6322, and 6323, but rather that the individual defendants lack official capacity because the United States itself is without any authority to record the Notice.  Plaintiff alleges, for example, that the Notice was "purportedly issued under Executive Power of the United States . . . [and] was in fact issued under color of such Executive Authority," and "is a 'record' created by Defendants on behalf of the United States."  Complaint ¶ 1; *see also id.* ¶ 26.  Plaintiff alleges, however, that the Notice is improper because it is not a record, judgment or public act of any State or Article III Court, and for that reason is in violation of the Fifth Amendment, the Sixth Amendment, Article III, and Article IV of the United States Constitution.  Complaint ¶¶ 7, 9-20, 27-31.

In sum, Plaintiff's claims are in substance against the United States.  As discussed below, sovereign immunity has not been waived with respect to any of these claims, and the action should be dismissed for lack of subject matter jurisdiction.

B.     **THERE HAS BEEN NO WAIVER OF SOVEREIGN IMMUNITY AND THEREFORE THIS SUIT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

The doctrine of sovereign immunity applies to this action in its entirety, and it should be dismissed because the United States has not waived immunity with regard to plaintiff's claims.

The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *In re Hardy*, 97 F.3d 1384, 1388 (11th Cir. 1996). For this reason, no suit may be maintained against the United States unless it is brought in strict compliance with the terms of a statute under which the United States has consented to be sued. *See Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). The party bringing an action against the United States "bears the burden of demonstrating an unequivocal waiver of immunity." *Graham v. FEMA*, 149 F.3d 997, 1005 (9th Cir. 1998) (internal quotation omitted). Waivers of sovereign immunity are to be strictly construed and no exceptions implied. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). In this case, plaintiff asserts no waiver of sovereign immunity by the United States under any statute, nor has plaintiff alleged any facts that demonstrate that sovereign immunity has been waived.

Indeed, both forms of relief sought by plaintiff – a declaration that the Notice is invalid, and an injunction requiring the removal of the Notice from the Crenshaw County records – are specifically barred by statute. Plaintiff's request for declaratory relief is barred by the Declaratory Judgment Act. 28 U.S.C. § 2201(a). That statute expressly forbids federal courts from issuing declaratory judgments "with respect to Federal taxes." *Id*. Suits seeking a declaration with respect to Federal taxes, therefore, are routinely rejected by the courts. *See*, *e.g.*, *Hughes v. United States*, 953 F.2d 531, 536-37 (9th Cir. 1992); *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987). Federal Courts have specifically rejected claims seeking to declare Notices of Federal Tax Lien invalid, like plaintiff seeks here. *See*, *e.g.*, *Branca v. United States*, 312 Fed. Appx. 160 (11th Cir.

2008) (unreported); *Ishler v. I.R.S.*, 237 Fed. Appx. 394, 396-97 (11th Cir. 2007)

(unreported); *Delvecchio v. Smith*, 558 F. Supp. 2d 1243, 1248 (S.D. Fla. 2008).

Also, plaintiff's request for injunctive relief is barred by the Anti-Injunction Act.

26 U.S.C. § 7421.  Under that statute:

> Except as provided in sections [not relevant to this case], no
> suit for the purpose of restraining the assessment or collection
> of any tax shall be maintained in any court by any person,
> whether or not such person is the person against whom such
> tax is assessed.

*Id*. § 7421(a).  The manifest purpose of section 7421(a) is "to permit the United States to

assess and collect taxes alleged to be due without judicial intervention, and to require that

the legal right to the disputed sum be determined in a suit for refund."  *Enochs v.

Williams Packing Navigation Co.*, 370 U.S. 1 (1962); *see also Hospital Resource

Personnel, Inc. v. United States*, 68 F.3d 421, 429 (11th Cir. 1995); *Intercontinental Jet,

Inc. v. United States*, 690 F. Supp. 1012 (S.D. Fla. 1988) ("This Court is barred by the

Anti-Injunction Act . . . from restraining the collection of any tax.").  While there are

statutory exceptions laid out in § 7421, none apply here.

The Supreme Court recognized a judicial exception to the Act in *Williams

Packing*, but that exception is also inapplicable in this case.  As stated in *Williams

Packing*, a court could properly issue an injunction only if (1) it is clear that under no

circumstances could the United States prevail, and (2) equity jurisdiction otherwise

exists, that is, there must be no adequate remedy at law.  370 U.S. at 7.  "[T]he question

of whether the Government has a chance of ultimately prevailing is to be determined on

the basis of the information available to it at the time of the suit.  Only if it is then

apparent that, under the *most liberal* view of the law and the facts, the United States

7

cannot establish its claim, may the suit for an injunction be maintained." *Id*. (emphasis added).

Plaintiff's complaint stands in stark contrast to the *Williams Packing* standards. It does not articulate *any* circumstances under which the United States will *not* prevail, let alone sustain its burden of showing that there are *no* circumstances in which the United States *can* prevail. Moreover, plaintiff has an adequate remedy at law to challenge his tax liabilities. He could pay the disputed tax – thus causing the lien to be removed – file an administrative claim for refund, and, if that claim is denied, file suit in district court to recover the claimed refund. 26 U.S.C. § 7422(a). Or, plaintiff could have filed an administrative appeal with the Service challenging the filing of the lien pursuant to 26 U.S.C. § 6326.

Furthermore, plaintiff cannot satisfy the ordinary standards for an injunction to issue, which the Eleventh Circuit has held to be a required showing in any suit seeking a tax injunction even if the suit falls under an exception to the Anti-Injunction Act. *See Lovell v. United States*, 795 F.2d 976, 977 (11th Cir. 1986) ("for a tax injunction to issue despite the general prohibition of the Anti-Injunction Act, the movant must not only qualify under an exception to that Act, but must also satisfy traditional standards for equitable relief"). Thus, even if an applicable exception to the Anti-Injunction Act is identified, a plaintiff cannot maintain a suit for injunctive relief absent a showing of "irreparable injury and the inadequacy of legal remedies." *Id*. Here, as noted above, plaintiff has an adequate remedy at law. As a result, the Anti-Injunction Act deprives this Court of jurisdiction to adjudicate claims – like those raised by plaintiff here – seeking the removal of a Notice of Federal Tax Lien. *See*, *e.g.*, *Morse v. United States*, 2007 WL

4287535 at *4 (M.D. Fla. Dec. 4, 2007) ("Pursuant to the Anti-Injunction Act, district court lacks jurisdiction over any action that seeks to restrain the assessment or collection of taxes.").

Plaintiff has not made – and on these facts never could make – a specific showing of an unequivocal waiver of sovereign immunity by the United States with respect to plaintiff's claims. Accordingly, this Court lacks jurisdiction to adjudicate those claims.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's failure to plead facts sufficient to support a claim for relief is a basis for dismissal of this action. Fed. R. Civ. P. 12(b)(6). As the Supreme Court recently clarified:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Thus, under Rule 8(a)(2), a complaint must possess "enough heft" to show that the pleader is entitled to relief, and allegations "plausibly suggesting (not merely consistent with)" the elements of a claim are required. *Id.* at 557. Plaintiff's complaint here fails to allege facts even remotely suggesting an entitlement to relief.

First, plaintiff does not address the federal statutes which create a lien for taxes not paid, and authorize the filing of a notice of such lien. As noted above, the Notice here on its face stated that it was filed "as provided by section 6321, 6322, and 6323 of

9

the Internal Revenue Code." Complaint, Ex. 1. Section 6321 creates the lien, and section 6323(f) specifically provides for the filing of such a notice of lien. 26 U.S.C. § 6323(f); *see also* 26 C.F.R. § 301.6323(f)-1. Plaintiff has alleged no facts demonstrating that any of the procedures for filing the notice of lien as laid out in these statutes and regulations were not followed.

Second, to the extent that plaintiff's complaint is construed to raise a *Bivens* claim against the Service employees in their individual capacities, the complaint is inadequate. Because the Internal Revenue Code provides taxpayers with adequate statutory remedies to challenge the assessment and collection of federal taxes, courts have not permitted *Bivens* actions against Service agents for tax assessment and collection activities. *See Al-Sharif v. United States*, 296 Fed. Appx. 740, 742 (11th Cir. 2008) (unreported) ("the availability of adequate statutory avenues for relief forecloses a *Bivens* action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes"); *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106 (2d Cir. 2005); *Adams v. Johnson*, 355 F.3d 1179, 1184-85 (9th Cir. 2004); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 410-13 (4th Cir. 2003); *Schreiber v. Mastrogiovanni*, 214 F.3d 148, 152-53 (3d Cir. 2000); *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997); *Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997); *Vennes v. An Unknown Number of Unidentified Agents of the United States*, 26 F.3d 1448, 1453-54 (8th Cir. 1994); *McMillan v. U.S. Dep't of Treasury*, 960 F.2d 187, 190 (1st Cir. 1991); *Baddour, Inc. v. United States*, 802 F.2d 801, 807-09 (5th Cir. 1986); *Cameron v. I.R.S.*, 773 F.2d 126, 129 (7th Cir. 1985). In addition, courts have specifically rejected *Bivens* remedies for claims, like Plaintiff's, alleging Fifth Amendment violations by Service employees.

*See*, *e.g.*, *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989); *Tonn v. United States*, 847 F. Supp. 711, 717-18 (D. Minn. 1993); *Hefti v. McGrath*, 784 F. Supp. 1426, 1431 (E.D. Mo. 1992). To the extent that plaintiff asserts that the filing of the Notice violated various provisions of the United States Constitution, then, it fails to state a claim upon which relief can be granted.

Third, the Court should similarly reject Plaintiff's claims based upon the Sixth Amendment, which requires a speedy and public trial. *See* Complaint ¶ 20. Presumably, plaintiff alleges that his Sixth Amendment rights were violated when the Notice was filed prior to being afforded any trial. Such an assertion lacks any merit. The Sixth Amendment applies only to criminal proceedings, *see Wolff v. McDonnell*, 418 U.S. 539, 576 (1974), and has no relevance to the tax liens at issue here.

Fourth, plaintiff's complaint does not state a claim for wrongful failure to release a lien or wrongful assessment or collection activities. As explained earlier, the filing of a notice of federal tax lien is a necessary tool for the enforcement of the tax laws; the form of the notice and the manner of its filing are governed by federal law. *See* 26 U.S.C. § 6323(f); 26 C.F.R. § 301.6323(f)-1. Nothing in plaintiff's complaint alleges in any way that these provisions were not followed with respect to the Notice at issue in this case. A cause of action for failure to release a lien only arises upon the knowing or negligent failure to release a lien under section 6325. 26 U.S.C. § 7432(a). Section 6325, in turn, provides that a lien shall be released upon a finding that the liability has been satisfied or become legally unenforceable, or that an adequate bond has been furnished. 26 U.S.C. § 6325. Plaintiff's complaint contains no allegations that the tax liabilities underlying the lien have been satisfied or a bond furnished, rendering the lien subject to release.

11

A cause of action for wrongful assessment or collection activities only arises upon reckless, intentional, or negligent disregard of a provision of the Internal Revenue Code or regulations thereunder. 26 U.S.C. § 7433(a). Again, however, the complaint contains no allegations that any provision of the Internal Revenue Code was violated here, let alone through reckless, intentional, or negligent conduct.[2]

In short, plaintiff's complaint alleges no facts "plausibly suggesting" the elements of any claim, whether pursuant to the specific remedies provided in the Code, under the Constitution, or under any other provision of law. Pursuant to Rule 12(b)(6), then, the complaint must be dismissed.

## III.   THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER SERVICE

This action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (5), because plaintiff has failed to serve the named individual defendants or the United States, the real party in interest.

Plaintiff claims to have served each of the named defendants by mailing copies of the summons and complaint to an Internal Revenue Service Processing Center in New Orleans addressed to "C Sherwood" and "E Ravenal." *See* Ex. A (Certified Mail Receipts). The certified mail receipts do not contain a signature of the person who received the documents plaintiff mailed, but only a mail room stamp. *Id.* This does not constitute service under either the Alabama Rules of Civil Procedure or the Federal Rules

---

[2]   Further, both a claim for wrongful failure to release a lien and for wrongful assessment or collection activities have jurisdictional prerequisites to suit that plaintiff has not followed here. Prior to filing such actions in the District Court, a taxpayer must first exhaust administrative remedies by filing an administrative claim for actual damages. 26 C.F.R. § 301.7342-1(e), (f); 26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1(d), (e). Yet, the complaint contains no allegations that such administrative claims were ever made.

of Civil Procedure. *See* Ala. R. Civ. P. 4; Fed. R. Civ. P. 4. *See also Dennis v. Still Waters Residential Ass'n*, 2009 WL 724155 at *2-3 (Ala. Civ. App. March 20, 2009) (service by certified mail without an instruction that delivery be restricted to the person to be served inadequate); *McDermott v. Tabb*, 2009 WL 2573916 at *2-3 (Ala. August 21, 2009) (certified mail signed for by person not proved to be defendant's agent not proper service under Alabama rules).

Furthermore, the Federal Rules provide that service upon an officer or employee of an agency of the United States requires service upon the United States in addition to service upon the employee. Fed. R. Civ. P. 4(i)(3). Service upon the United States is effected through service upon the United States Attorney of the district where the action is pending, as well as service upon the Attorney General, and service upon the agency whose action is being challenged. Fed. R. Civ. P. 4(i)(1); *see also* Ala. R. Civ. P. 4(c)(8) (service upon governmental entity requires service upon chief executive or other person authorized by statute or appointment to receive service of process). Plaintiff has not yet served any of these entities. Accordingly, this Court should dismiss this action. *See*, *e.g.*, *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134 (5th Cir. 1980); *Sun v. United States*, 342 F. Supp. 2d 1120, 1124, 1127 n.7 (N.D. Ga. 2004); *Thompson v. I.R.S.*, 23 F. Supp. 2d 923, 924 (N.D. Ind. 1998) ("Failure to properly service the United States deprives the court of personal jurisdiction.").

## CONCLUSION

Because plaintiff has identified no waiver of sovereign immunity by the United States, and fails to allege any facts demonstrating a right to relief under any provisions of the Internal Revenue Code, the United States Constitution, or any other law, this Court

should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

may be granted.  Alternatively, this matter should be dismissed for improper service

under Fed. R. Civ. P. 12(b)(4) and (5), because plaintiff has failed to effect service of

process on the United States as required by Fed. R. Civ. P. 4.

Leura Garrett Canary
United States Attorney


 _/s/ Paul A. Allulis_____
PAUL A. ALLULIS
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
T: (202) 514-5880
F: (202) 514-9868
E: paul.a.allulis@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing United States' Motion to Dismiss Complaint and Supporting Memorandum was this 23rd day of October, 2009, sent to the following by United States first-class mail, postage pre-paid:

Harold Sorenson
P.O. Box 331
Rutledge, Alabama 36071


  /s/ Paul A. Allulis_____
Paul A. Allulis
Trial Attorney, Tax Division